Good morning, and may I please the Court. My name is Kirsten Ault, and I represent the United States in this matter. I would like to reserve two minutes of my time for rebuttal. That's fine. The issue in this case is whether California robbery, which includes threats to persons or property, remains a crime of violence after the August 2016 amendment to the Career Offender Guideline limited the definition of extortion to crimes involving fear or threats of physical injury, because physical injury, as used in the context of extortion, means tangible injury, including injury to persons and property. Well, okay, you cite definitions of physical and injury in Webster's New International Dictionary. Nickles cites the definition of physical injury in Black's Law Dictionary. Why should we use Webster's and ignore Black's? Your Honor, it's not just the dictionary. The Supreme Court also defines physical as clear in meeting and – But it's not what physical means. It's what physical injury means. I mean, English is a language of, well, both terms of arts and idioms, and so I don't think it's helpful to take physical and injury and divide them up. The question is, particularly in the context of the Guidelines, what does physical injury mean? Yes, Your Honor, and we believe that particularly in the context of not only the Guidelines, but in the context of extortion and the extortion Guidelines. And so the term physical injury is a term that is used, for example, in the California Robbery Statute refers to injury to persons or property. Extortion in the Hobbs Act also refers to injury to persons or property. So the concept of the Guidelines, and you begin by arguing, and I thought it was persuasive and so I looked at it carefully, that the directly relevant Guideline here has – uses the term in the other subsection, but it actually doesn't. I mean, it uses a completely different term. Your Honor, our point is by looking at that particular Guideline 4B1.2, when the commission says that it wants an injury to be directed towards a person, it says towards a person. Well, except that it – that phrase is completely different. It's just not a parallel sentence. It's physical force to the person of another, which is not – it's not saying, you know, physical injury of a person. It's talking about the force and therefore has to specify that it's to a person, which is a different thing entirely. Force and injury are corollaries of each other, though, Your Honor. A force causes injury. Well, they're not, actually. The force is what you're doing and the injury is the result. Your Honor, we actually think that what would be helpful for the Court to do is look at another Guideline, which is the Court's – the commission's actual extortion Guideline, which is found in Section 2B3. And we believe that Section 2B3 highlights the distinction that the commission itself makes between what it considers violent extortion and nonviolent extortion. And the purpose of the amendment in 2016 was, as the commission said, to limit extortion to only violent extortion. And in 2B3, the commission has two levels of extortion. They have 2B3.2, which is extortion by force or threat of injury or serious damage, and 2B3.3, which is blackmail and similar forms of extortion. In the application note to 2B3.3, which is the lower level, the nonviolent form of extortion, the commission says, this section applies only to blackmail and similar forms of extortion where there clearly is no threat of violence to person or property. So the commission itself divides extortion into – Sotomayor, that's, again, violence to person or property. It's not the term – your system would only work if somewhere – if the Guidelines – I mean, there are many instances in the Guidelines where physical injury is used to mean injury to a person, without any more. Is that not correct? That is not correct, Your Honor. Actually, in the Guidelines, there are only eight Guidelines that use the term physical injury. There are 53 that use the term bodily injury. Bodily injury is used for – And you think there is any in which physical injury – I mean, for example, 2C1.1, if the offense involved a threat of physical injury or property destruction. Yes, Your Honor. We believe in that context, in that Guideline, physical injury means – is meant to be injury to the person. However, in this Guideline, which is the – which is a parallel to the extortion Guideline, it parallels the distinction that the commission itself makes in the extortion Guideline, which is between violent injuries, injuries to person or property, which they define as a more serious, more violent injury, than the lesser – Is there any instance in the Guidelines anywhere where you think that – where you think physical injury means to property damage, other than this one? Of the eight other times that it's used in those contexts, no, Your Honor. Right. That's right. There aren't any. There aren't any. But the commission uses the term bodily injury overwhelmingly when it means to specify injury to a person. Let me ask you – here's a concern that I have, and you don't exactly make this argument, but this might be a better argument for you to make. And I'm going to also ask counsel for the appellee this same question. Okay. In Becerra-Lopez, we stated the generic definition of robbery as, quote, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person. Okay. And then – then we hold that for a state crime to be equivalent to generic robbery, it must require property to be taken from a person or a person's presence by means of force or putting in fear. Now, I think Nichols argues the definition given for extortion in the 2016 amendment does not cover threats to property as did the prior generic definition of extortion. But if he's right, the new definition of extortion would appear to have no material difference from the generic form of robbery. So the commission would have no reason to include both robbery and extortion in the enumerated offenses if the two offenses are indistinguishable. On top of that, while the commission expressly intended to exclude nonviolent harm, such as reputational harm, there is no suggestion in the legislative history that the commission intended to overrule our precedent on generic extortion, including threats of property. So what do you think about that? Your Honor, I think that it is correct that the commission only cites Tenardello in its – in its narrowing of the definition of extortion. And it only says it means to narrow it to include non-tangible injuries. But with respect to the overlap, in fact, there is plenty of independent room, because robbery, as I understand it, as described and as read, means you have to be there, and it has to be immediate. Yes, Your Honor. And I think that the issue is that the issue is that it's not redundant in any way. Correct, Your Honor. I think that the issue is it's like a Venn diagram. There is robbery, and California robbery encompasses the generic definition of robbery. Then there is extortion, and some of California robbery encompasses some of extortion. But California robbery is not coextensive with extortion. California robbery is not totally – And generic robbery is not coextensive with generic extortion if generic extortion is understood to be limited to injury to a person. Correct, Your Honor, although – Threaten to injury to a person. I wanted to reserve two minutes of my time. Okay. Well, that's fine. But that's right. There is – there is space between the two, considerable space. There is, Your Honor. However, we don't think that the commission meant to eviscerate extortion, which is what defendant's definition would do, because it would take out of extortion the paradigmatic crime of extortion, which is, hey, buddy, nice shop you got here, shame if something happened to it. Well, for example, to take out burglary. Now, burglary is likely a property damage crime. I mean, you have to – often you have to at least knock down the door. But they – it was clear that they were concerned about injury to people, and that's why they took out burglary, with a long explanation about how there's really very little likelihood that people are going to actually get hurt in a burglary. That is how the law has evolved over time, yes, Your Honor. However, we think in this case extortion, if you follow the defendant's definition, you eviscerate what – the commission basically would have taken out extortion if they meant to define it the way the defense means to define it. Okay. Thank you very much. We'll give you one more minute. Yes. Go ahead. Good morning. May it please the Court. Hanni Foukouri on behalf of Mr. Nichols. I'll begin with addressing Judge Callahan's question about these dueling dictionary definitions. And I think the simplest way to answer your question, Your Honor, is this Court in U.S. v. Middleton, which is cited in my brief, looked to Black's dictionary to define the term physical injury. Well, isn't the real problem that physical – there is – you can't look up the term physical injury in Webster's dictionary. It's not in it. That's correct, Your Honor. Right? The term physical is in it and the term injury is in it, but the term – but the word physical and the word injury, but the term physical injury is not in it. I agree, Your Honor. And again, this Court in Middleton looked to the Black's dictionary definition. And in this case, when you look at the Black's dictionary definition, it has a direct reference to bodily injury, which supports our argument that physical injury in the context of the extortion in the menu. I must say that this whole thing is very frustrating. The commission is sitting there and writing this, and all they had to do was be, you know – I mean, I think – I'm pretty sure I know what they meant, but why the hell did they do it this way? It's ridiculous. Your Honor, I can – I can certainly appreciate the Court's frustration. And I would note a few – this is sort of going back to the last – It's like calling them up and asking them. I mean, you know, unlike the usual statutory definition when you have live bodies sitting there who just wrote this. Well, Your Honor, I think a couple points on that. First of all, as Your Honor has already referenced, there is actually a meaningful difference between extortion as created by – or as defined under Amendment 798 and the generic definition of robbery, and that is specifically the – the lack of immediacy that's present in the extortion statute. Well, immediacy in terms of time, but also immediacy in terms of space. Absolutely, Your Honor, as to both. And the second – I think they are trying to help us, but with friends like this, who needs enemies? You know, it's the Full Employment Act. Well, Your Honor, I think – I think it's sometimes – and I'm thinking back to the last argument. I can appreciate that this whole enterprise can be frustrating and counterintuitive, and I've heard that from many other judges. I think sometimes, however, courts tend to forget what the underlying rationale behind this whole enterprise was to begin with. And if you go back 35 years ago to Taylor, what the Supreme Court was really concerned about was fairness to defendants and ensuring that there was an equal playing field for all defendants. Well, the real problem is that – this is my understanding – is that in the criminal conviction context where a friendly applies, you would open up a major can of worms if you started getting facts specific, because we know that Justice Thomas and others would overrule our own stories and say – and would like to do it anyway and make all this go to juries. This – now we're in the Guidelines where we don't have that problem, but the fact that they're both being treated the same pretty much is why it comes out the same way in the Guidelines. That's my understanding of the background here and why the whole thing is frozen. But it doesn't really matter, because that's what we've got.  Goldstein, Jr. It is what we've got here, and the Supreme Court in both Mathis and DeCamps have recently said that the focus has to be on elements. And so when we do focus on the analytical approach that applies, it's clear that the district court below was correct. And I would note that the Tenth Circuit has adopted our view of extortion under Amendment 798 as well. As to – Kagan. Is it true that there – I mean, there are some instances where the Guidelines say physical injury to person. A little bit. There's at least one or two. But there's none in which physical injury – but there are several where they use physical injury or property damage, so they obviously don't mean property damage in general. And none, as your opponents recognized, in which you could sensibly say that physical injury means property damage, outside these Guidelines. I would agree, Your Honor. And I would also disagree with the government's approach of looking at the extortion Guideline to understand what the extortion definition within the 4B1.2 context applies. I think, of course – and we've done it in our brief on pages 23 and 24. Obviously, we could look to other sections of the Guidelines to give insight into what the Sentencing Commission meant. And I think, as I think the government itself pointed out, when you do that, it physical injury and property damage are different concepts, and they are not equatable with one another. And to go back to make it really simple, I was just thinking of plain – the way people speak in real life. I don't think anybody would say, my iPad has a physical injury to it if I've dropped it on the sidewalk and the screen has cracked. We would say, my iPad's been damaged. And – Have you asked anyone if it – if that's been robbed, is that a crime of violence? I don't think that they would say no, either, if you want to get down to simple common sense. That's true, Your Honor. And I can appreciate that concern. But again, when we're focused solely on elements, and if we go back to the underlying rationale of Taylor, part of the problem, particularly in California, is that State crimes are defined so broadly that while somebody may hear the term robbery, when you actually look at the conduct covered by Penal Code 211 specifically, it actually may not match what some people might think of as a violent sort of robbery. And I would also note that Taylor itself was looking at California burglary. And that was also, I think, like robbery, a statute that if you talk to somebody on the street and say, you know, what is your concept of burglary, that, you know, what they would probably say is very different than the way California defined the term. Well, let me ask you this, though, that given that the Sentencing Commission expressly intended to exclude nonviolent harm, such as reputational harm, what should we make of the fact that the Commission was silent as to whether it intended to overrule our precedent on generic extortion, including threats to property? Well, I don't think the Sentencing Commission needed to say anything about it, about Besra Lopez specifically, because it was talking about Nardello. And Besra Lopez hinges on Nardello. And so does every circuit court case looking at the definition of extortion for the purposes of the sentencing guidelines prior to the amendment. Do you have any idea on what the law – I mean, is the problem presented by the California robbery statute unique, such that Besra Lopez is unique, or is there parallel law in other circuits, i.e., this dual reliance on two different generic crimes? Your Honor, I have to confess, I'm not quite sure if other circuits have taken a similar approach to take a State statute and lump it into two separate crimes. What I will say about Penal Code 211, and I'll note, and this maybe sort of also speaks a little bit to Judge Callahan's question, you know, this Court's already said in other contexts that there are problems with Penal Code 211. So, for example, this Court's already held it doesn't satisfy the force clause, for example. And in Besra Lopez – Apparently, if you snatch a person, it's robbery. Correct. And in Besra Lopez itself, this Court expressly held that 211 doesn't encompass generic robbery either, and so it had to create this sort of hybrid approach of lumping it within robbery and extortion. And I would add one other point about this, and that is in the government's brief does sort of make the point that – I'm trying to find it in my notes here – that – well, let me say it this way. Even in Besra Lopez itself, this Court in footnote 8 said it was unconvinced – and I'm reading a direct quote. This is page 891, footnote 8. It was, quote, unconvinced that a taking by threat to property necessarily entails danger to the person, end quote. And so even in Besra Lopez 10 years ago, this Court was already highlighting that Penal Code 211 is not, you know, despite the title of it, robbery, which obviously sounds violent and intimidating, that there was problems with the way the statute was written, that it was clearly overly broad in terms of what kind of conduct would satisfy the elements of the crime. And that's all that matters under Taylor. Burglary, for example. I mean, isn't there almost always property damage or quite often? I mean, unless somebody left their door open, you have to break a window or break a door or break something? That's absolutely correct. And from the very – and again, I've been talking about Taylor. From the very first case, Taylor, which, again, looked at California section – Penal Code section 459, burglary, said, you know, this statute is much broader than statutes in other states that are drawn in narrower. But the one thing we know about the commission in terms of reading the commission's mind is that they took out burglary because it didn't have a danger to people.  Enough of a danger to people. Absolutely, Your Honor. And again, I think that this amendment is consistent with what the Sentencing Commission was trying to do and to narrow the types of crimes that fall within the crime of violence definition to only one crime, enumerated crime, that is relied on to the contrary as arson. So what do you have to say about that? Well, I think that just proves the point that if the Sentencing Commission wanted to include a crime encompassing property damage, it could have done so explicitly. And it has done. So, I mean, doesn't arson seem like you don't – I mean, it doesn't necessarily danger a person, but when it does, it's really, really, really dangerous? And usually it does in the sense that even if you're just trying to burn up one building, you're going to kill somebody else? Well, again, Your Honor, it seems like a unit – although the intent may be to damage property, the danger to people is extreme. My time's up, but I'd like to answer your question. I think ultimately, in order to avoid a scenario where we have to sit and specifically look at the specific facts underlying every particular conviction, which is expressly what Taylor forbids, you have to look at what the elements are. If the Sentencing Commission wanted to include property-based type crimes, it could have done so. It had done so in other portions of the guidelines, and it did so specifically in 4B1.2 when it expressly included arson as an enumerated offense. And prior to Amendment 798, when the case law defined extortion by the – looking at the generic definition, which clearly encompassed property crimes, that was permissible. This amendment, Amendment 798, narrows that extortion definition and eliminates those kinds of crimes. The Sentencing Commission can go back and change that if it wants. It can include other sorts of property crimes if it wanted, but what it did here was clear. Thank you. Okay. Thank you very much. I'd like to answer Judge Callahan's question, which is, why didn't the Commission include Bessarra-Lopez if it meant to overrule Bessarra-Lopez? And I think that it's clear that what the Commission believed that it was doing was starting with a broad definition of extortion, which included threats to people, property, and reputation, and it was shaving off reputation. And to indicate it was shaving off reputation, it cited to Nardello. If it meant to do that. Does the Commission usually, if it's overruling the law of one circuit regarding one State, say that it's overruling it? Your Honor, there are other States that have robbery laws similar to California, so it wouldn't just be overruling one circuit in one State. Well, but there would be no reason to overrule Bessarra-Lopez. I mean, Bessarra-Lopez is one circuit applying to one State. Yes, Your Honor. But if the Commission said it meant that it was also shaving off property, in addition to shaving off reputation, it would have said we are also shaving off property. But that's a different point. The question is, would it have said it? Is it the habit of the Commission, and I don't know the answer to this, if it is overruling a single circuit regarding a single State to say that it's doing it? I don't know the answer to that question, Your Honor. But if the – we have to take the Commission at its word, which is that it said in the amendment, it cited Nardello and said we want to target nonviolent threats such as threats to reputation, and that's what it did. Well, such as, such as. All right. Thank you both very much. The case of United States v. Nichols is submitted. Just for purposes of planning, we will take a break after the next case.
judges: Wallace, Berzon, Callahan